ORDER
HACKNEY, JUDGE:
An application of the claimant, Mitzi D. Parsons, for an award under the West Virginia Crime Victims Compensation Act, was filed April 5, 2007. The report of the Claim Investigator, filed September 25, 2007, recommended that no award be granted, to which the claimant filed no response. An Order was issued on December 6, 2007, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed January 14, 2008. This matter came *347 on for hearing June 11, 2008, the claimant appearing in person, and the State of West Virginia by counsel, Benjamin F. Yancey, III, Assistant Attorney General.
On May 28, 2006, the claimant’s one-year-old son, Dallas C. Gibson, was severely attacked by a dog belonging to Glenn Adkins. The incident occurred while the claimant and her two children, Dallas and Mercedes, were at the residence of Glenn Adkins at the Dalewood Trailer Park in Kanawha County. The claimant, who is a member of a car club, went to Mr. Adkin’s residence to place stickers on his vehicle because he was a new member of the club. Although Mr. Adkins was not at home, his girlfriend Nicole and their two young girls were at the residence. As the claimant was placing the stickers on the vehicle, Dallas and Mercedes were playing with Mr. Adkins’ children in the yard. The children decided to go behind the porch and play on the trampoline. Dallas did not realize that he could go through the side yard to reach the other children, and he crawled across the porch. As he was moving down the porch steps, a dog belonging to Mr. Adkins attacked him, holding him down until the claimant was able to free him. The mother’s heroic actions prevented the child from sustaining further harm.
As a result of the incident, Dallas Gibson was taken to Women and Children’s Hospital for the treatment of bruises, lacerations, and three skull fractures. The child was hospitalized for one week as a result of the injuries. The claimant testified that her son now suffers from seizures and has received treatment from Dr. Noorani, a pediatric neurologist. The claimant testified that the hospital bills from this incident were paid by Medicaid, but she is uncertain as to whether Medicaid will cover the medical bill for Dr. Noorani.
The claimant testified that her mother reported the incident to law-enforcement officials on May 29, 2006, and Officer Ratliff of the Kanawha County Sheriffs Office came to the emergency room to investigate the incident. However, Mr. Adkins was not prosecuted for any crime relating to this incident.
According to the Claim Investigator, the claimant failed to cooperate with law-enforcement officials. W.Va. Code § 14-2A-14(d) provides: “A judge... upon a finding that the claimant or victim has not fully cooperated with appropriate law-enforcement agencies... may deny a claim, reduce an award of compensation, or reconsider a claim already approved.” The Court opines that the claimant fully cooperated with law-enforcement in the investigation of this matter.
The original Order disallowed the claim based on the fact that there was no “criminally injurious conduct.” Under W.Va. Code § 14-2A-3(c), “criminally injurious conduct” means conduct that occurs or is attempted in this state...which by its nature poses a substantial threat of personal injury or death and is punishable by fine or imprisonment or death or would be so punishable but for the fact that the person engaging in the conduct lacked capacity to commit the crime under the laws of this state...”
The claimant has the burden of proving by a preponderance of the evidence that the injury resulted from “criminally injurious conduct.” It is undisputed that the claimant’s son suffered a horrific attack from Mr. Adkins’ dog; however, the Court finds that the actions of the dog owner did not constitute “criminally injurious conduct” under W.Va. Code § 14-2A-3(c). The claimant submitted with her claim medical bills relating to her son’s treatment and documentation of her work loss. The claimant testified at the hearing that her son’s medical bills have been covered by Medicaid, and no unpaid *348 medical expenses have been submitted by the claimant. Since the Court concludes that there was no “criminally injurious conduct,” an award for the claimant’s work loss relating to the incident cannot be granted.
Although very sympathetic to the claimant’s plight, the Court is constrained by the evidence to stand by its previous ruling; therefore, this claim must be, and is hereby, denied.